# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10CV642-RJC-DSC

| | |
|---|---|
| MICHAEL ANTHONY, CRYSTAL YANDLE, BRADLEY WRIGHT, PHILLIP BLAKE, DEBRA MCCULLEY, AND COLLEEN RORIE, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SERVICE CORPORATION INTERNATIONAL, SCI FUNERAL AND CEMETERY PURCHASING COOPERATIVE, INC., SCI EASTERN MARKET SUPPORT CENTER, L.P., JANE D. JONES, GWEN PETTEWAY, AND THOMAS RYAN,<br><br>Defendants. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Remand to State Court" (Doc. 11) and "Memorandum of Law in Support of Plaintiffs' Motion to Remand to State Court" (Doc. 12) both filed January 17, 2011; and "Defendant's Memorandum of Law in Support of Their Opposition to Plaintiffs' Motion to Remand to State Court" (Doc.15) filed February 3, 2011. On February 14, 2011, Plaintiffs filed "Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Remand to State Court" (Doc. 16). On March 3, 2011, Plaintiffs' filed "Plaintiffs' Motion for Leave to File Supplemental Authority Regarding Their Motion to Remand to State Court" (Doc. 18). On March 7, 2011, the Court granted "Plaintiffs' Motion to File Supplemental Authority Regarding Their Motion to Remand to State Court."

1

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Motion is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Plaintiffs' Motion to Remand to State Court" be <u>denied</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a class action lawsuit by Defendants' employees for unpaid wages. Plaintiffs initially filed their North Carolina state law claims along with their Fair Labor Standards Act ("FLSA") claims in an action filed in the Western District of Pennsylvania (<u>Prise, et al. v. Alderwoods Group, Inc.</u>, Case No. 06-cv-1641) against Defendant Service Corporation International ("SCI") and Alderwoods Group, Inc., a SCI wholly-owned subsidiary. In that action, Plaintiffs argued that original jurisdiction existed over the state law claims because Plaintiffs satisfied the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The <u>Prise</u> Court declined to exercise supplemental jurisdiction over any of the state law claims, so Plaintiffs reasserted their state law claims in a Class Action Complaint filed in California state court ("Combined State Law Action"). This action included the state law claims of employees in every state where Defendants do business, including North Carolina.

The <u>Prise</u> Court subsequently determined it would only hear claims of Alderwoods employees and dismissed the claims against SCI. Therefore, the Combined State Law Action was voluntarily dismissed, and a separate action was re-filed on behalf of only SCI employees nationwide in California state court (the "SCI State Law Action"). Defendants removed the SCI State Law Action to the Northern District of California (<u>Bryant, et al. v. Serv. Corp. Int'l, et al.</u>, Case No. 08-cv-1190 SI). Plaintiffs moved to remand the matter and the Court denied the motion. The <u>Bryant</u> Court based its decision, in part, on the inconsistent positions taken by Plaintiffs with regard to the applicability of CAFA. Thereafter, Plaintiffs attempted to certify a nationwide class action but abandoned their efforts and filed a notice of withdrawal of their class certification motion and

obtained a dismissal of the state law claims of employees in states other than California.

While pursuing damages in the Bryant case, Plaintiffs brought a separate class action in federal court in Arizona alleging violations of certain federal laws including FLSA (Stickle, et al. v. Serv. Corp. Int'l W. Mkt. Support Ctr., LP, et al., Case No. 08-cv-0083). Additionally, Plaintiffs re-filed the state law claims in 18 separate state actions including Arizona, Illinois, Louisiana, Ohio, and Pennsylvania.

On October 4, 2010, Plaintiffs commenced this action in Mecklenburg County Superior Court as a class action alleging violations of N.C. Gen. Stat. §§ 95-25.3, 95-25.4, 95-25.6 and 95-25.22, as well as various common law claims, including breach of contract, fraud, unjust enrichment, breach of implied covenant of good faith and fair dealing, conversion and misrepresentation. Plaintiffs seek to represent a class of "employees of Defendants who were suffered or permitted to work by Defendants and not paid their regular or statutorily required rate of pay for all hours worked." (Doc. 1, ¶ 25). Plaintiffs seek the value of the class members' unpaid wages, liquidated damages, injunctive relief, attorneys' fees, pre- and post-judgment interest, and other legal or equitable relief that the Court deems to be just and appropriate. (Id., Prayer for Relief).

In addition to the state court actions, Plaintiffs filed a class action in federal court in Virginia against Defendants (Walker, et al. v. Serv. Corp. Int'l, et al., Case No. 4:10-cv-00048). In this case, Plaintiffs expressly assert that federal jurisdiction exists pursuant to CAFA because the class exceeds 100 employees and the aggregate amount of damages exceeds $5,000,000. The proposed class definition in Walker is identical to the definition proposed by Plaintiffs in this case.

Defendants removed this action to this Court on December 17, 2010, relying on CAFA as the basis for federal jurisdiction. On January 17, 2011, Plaintiffs filed this Motion to Remand, alleging that Defendants have failed to show that the total amount in controversy exceeds $5,000,000. The Motion to Remand has been fully briefed as set forth above and is now ripe for determination.

## II. DISCUSSION OF CLAIM

Congress enacted CAFA in 2005 as an attempt to curb abuse in class actions and keep cases

3

of national importance in federal court. See Johnson v. Advance Am., 549 F.3d 932, 935 (4th Cir.2008). The most notable changes created by CAFA are the amended diversity requirements and the more lenient standard for removing class actions to federal court. Id. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper under CAFA. Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009) (citing Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 296-97 (4th Cir. 2008)).

Plaintiffs do not dispute that the citizenship of the parties meets the minimal diversity standard of 28 U.S.C.§ 1332(d)(2). However, Plaintiffs assert that the Defendants have failed to establish that the amount in controversy exceeds $5,000,000. Plaintiffs contend that Defendants' attempts to prove the jurisdictional amount under CAFA are based on assumptions and speculation that are not supported by facts and evidence.

The burden of establishing the $5,000,000 amount in controversy rests with the defendants. Strawn v. AT & T Mobility LLC, 530 F.3d 293, 298 (4th Cir.2008) (concluding that CAFA did not shift the burden of persuasion, which remains upon the party seeking removal). Whether the jurisdictional threshold is satisfied is generally determined by reference to the amount specified in the plaintiff's complaint. Wiggins v. North Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981). However, where the complaint does not specify the amount in controversy, as is the case here, the removing party must prove the jurisdictional amount by a preponderance of the evidence. Bartnikowski, 307 F. App'x 730, 734 (employing a preponderance of the evidence test to determine amount in controversy without explicitly adopting the standard, but stating that several

4

other circuits have explicitly adopted that standard). See, e.g., McMahon v. Advance Stores Co., 2008 WL 183715, *2 (N.D.W.Va. Jan. 18, 2008); Chandler v. Cheesecake Factory Rests., Inc., 239 F.R.D. 432, 438-39 (M.D.N.C. 2006) (noting the trend in the Fourth Circuit to hold the defendant to the preponderance of the evidence standard); Crosby v. CVS Pharm., Inc., 409 F.Supp.2d 665, 668 (D.S.C. 2005).

The well-settled test in the Fourth Circuit for calculating the amount in controversy is "the pecuniary result to either party which [a] judgment would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir.2002) (quoting Gov't Employees Ins. Co. v. Lally, F.2d 568, 569 (4th Cir.1964)). When the amount of damages a plaintiff seeks is unclear, the court may look at the entire record, including the complaint, the removal petition and affidavits and make an independent evaluation as to whether or not the jurisdictional amount is in issue. Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F. Supp.2d 489, 498-99 (M.D.N.C. 2003).

The record reflects that Defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Defendants assert that an examination of comparable lawsuits filed against them by Plaintiffs provides sufficient evidence that they have met the requisite amount. Defendants also rely on the sworn statements of the Plaintiffs and documents within the possession of Plaintiffs' counsel.

Specifically, Defendants point to the Bryant case and note that the potential class in that action at the time it was filed is virtually identical to the class before this Court. Plaintiffs have not specified geographical boundaries when describing the affected employees of Defendants and nothing in the Complaint limits the potential class members to those living and/or working within the State of North Carolina. In the Bryant case, Plaintiffs' counsel specifically alleged that the size of the class would approach 10,000 employees.

Additionally, in the Stickle case, the Defendants provided Plaintiffs with a list of employees (the "List") who worked in different states for various SCI subsidiaries. The List contained 10,745 employees and 252 employees were identified as working in North Carolina. However, if the limitations on the class imposed by the Stickle Court were removed, the number of North Carolina employees would increase to 501. Plaintiffs have offered nothing to suggest that these numbers are inaccurate.

Defendants assert that the amount in controversy exceeds $5,000,000 whether all the employees that Plaintiffs claim worked for any subsidiary of SCI (10,745) or only those potential class members employed in North Carolina (252 to501). All the Plaintiffs in this action are Plaintiffs in Stickle and responded to interrogatories regarding the number of hours they worked without compensation. Based on the six Plaintiffs' interrogatory answers, the average claim of the named Plaintiffs is 2,837 hours of unpaid work (Doc. 15-5). Therefore, if these Plaintiffs are "representative" of the class, each class member may be entitled to collect wages for 2,837 hours of work.

Defendants then point out that the minimum wage in North Carolina during the period of liability was $7.25 per hour. N.C. Gen. Stat. §95-25.3(a). Taking this minimum wage of $7.25 as a conservative estimate for wages that an employee would be owed and multiplying it by the 2,837 unpaid hours, the potential loss for each Plaintiff is approximately $20,568.25. Given that there are at least 252 potential class members in the instant matter, a conservative estimate of the potential damages would be $5,183,199, which exceeds the $5,000,000 jurisdictional amount.

Defendants further argue that there is no reason to believe that the potential recovery in North Carolina will be any less than in Walker, where Plaintiffs' invoked federal jurisdiction and asserted that the $5,000,000 jurisdictional requirement had been satisfied. Defendants argue that

the Complaints in these cases are virtually identical and that the only difference in the Prayer for Relief in these cases is that here Plaintiffs are requesting liquidated damages and therefore, the damages sought in this case exceed those sought in Walker.

Plaintiff's take issue with Defendants' use of pleadings from other lawsuits as evidence that they have met their burden in this case. Plaintiffs also argue that the fact that Plaintiffs invoked federal jurisdiction in the Walker case is irrelevant and should not be considered in determining whether jurisdiction exists in this case. Specifically, Plaintiffs argue that the Stickle interrogatory responses are not reliable estimates of Plaintiffs' damages in this case and that Defendants have not shown that damages of the named Plaintiffs are representative of the potential damages of the other class members.

The undersigned is not persuaded by these arguments. Applying the above legal principles to the record in this case, the undersigned finds that Defendants have met their burden of establishing jurisdiction under CAFA. Therefore, the undersigned respectfully recommends that the Plaintiffs' Motion to Remand be denied.

## IV. **RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiffs' Motion for Remand to State Court" (document #8) be **DENIED**.

## V. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v.

Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: March 17, 2011

David S. Cayer
United States Magistrate Judge

8